UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

CARLOS GARCIA,

Defendant.

19-CR-812 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received the attached letter from the defendant.  To the extent defense counsel's sentencing submission does not address the considerations addressed in this letter, defense counsel is authorized to file a brief supplemental sentencing submission, due Thursday, September 3, 2020.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: September 1, 2020
        New York, New York



Challenge to P.S.I

Rec'd 9/3/20
PAE

19CR812(PAE)

Carlos J. Garcia  *87297-054
Metropolitan Correctional Cente
150 Park Row
New York, N.Y. 10007

The Chambers of the Honorable
Judge Paul A. Engelmayer
United States Courthouse
Southern District of N.Y.
500 Pearl Street
New York, N.Y. 10007


Good Day Honorable Engelmayer:

     As the defendant in this case,
I feel my input is necessary and
warranted. There are matters that
need to be contested, and, if left
uncorrected, a grave miscarraige of
Justice can occur.

          This probation report is checkered
with misinformations, mistakes
and miscalculations.

          I hope that this Court, which
stands on Integrity, Honor and
Justice, would allow the time to
correct these flaws and calculate

(1)

the true Guideline Range. This calls for changes and adjustments to my Criminal History, Specific Offense Characteristics and other relative informations that may present opportunities for downward departure.

Offense Conduct doesn't coincide with "armed perpetrator". "Armed Perpetrators" demand and receive. This crime resembles a "snatch and grab" whatever one is lucky enough to come in contact with. "Armed Perpetrators" don't flee, on run, (unless they happen to shoot). They leave! There is no weapo and no way to protect myself. I have to flee No weapon was even seen, described or recovered.                                    (-3)

The charges and convictions of the Superio Court in Aguadilla, Puerto Rico have to be incorrect. They definately are misleading. According to this Report, on 8/12/2003:

1- Mr. Garcia was found guilty of a Count 1 Mutilation charge yielding 10 yrs. in priso
2- Mr. Garcia was found guilty of a Count 2 Carry and Use of a Unlicensed Firearm yielding 6 months (Concurrent with Count 1,
                                                    (2.

3) The 2 violent convictions, one of which brings a 10 year prison term gets satisfied by a conviction for 2 Counts of Illegal Possession of Controlled Substance with 1 Count for Drug Panaphennalia?
Fron a sentence of 5 years of Probation?

Q1 - He is present if he's pleading guilty. why doesn't he start the 10 year prison term?
Q2 - Did Mr. Garcia REALLY get 5 years of probation for a 10 year prison sentence.

Now, with Mr. Garcia's every arrest, why isn't a warrant from his Superior Court convictions being acted upon, noted or even SEEN?

| | |
|---|---|
| 2004 - No P.Rico warrant | 1/16/2014 - No P.Rico |
| 2005 - No P.Rico warrant | warrant |
| 4/2013 - No P.Rico warrant | 1/31/2014 - No P.Rico |
| 8/2013 - No P.Rico warrant | warrant |

Probation was revocated on 06/25/2012, but not visible, not acted upon. #35 and 36 indicates "Arrest warrant issued .. ", so there are, at least, 4 chances for this warrant to be effected!

(3.

Furthermore, the Statute of Limitations for
such crimes of convictions, on the Island
of Puerto Rico, is 10 years. Let's apply that:

2/18/2003 - Mutilation & Carry/Use Firearm
2/18/2013 - Statute of Limitations

3/27/2003 - Illegal Possession Controlled Substance
3/27/2013 - Statute of Limitations

8/12/2003 - Convictions for all the above
8/12/2013 - Statute of Limitations

8/12/2008 - Probation Lapsed
8/12/2018 - Statute of Limitations

    More incredible, probation is revoked
and renders 3 - 5 year sentences to be
served concurrently, totally forgetting
the 10 year sentence that was
"suspended into the probation". This
presents a conflict with §4A1.2 of USSG
because i'm sure the AUSA used the
10 year term for the calculations.
    There's just too many inconsistencies.
Nothing available to prove what is and
what isn't. Hearsay, without corroboration.
(4)

5 years of probation, sentenced in 2003, comes to an end in 2008. Yet, it takes another 4 years to revoke a probation term that has ended?!

Warrant issued in 2012?!
4 years after the probation is OVER?!

Too much uncertainty. No paperwork (eg. Court documents, arrest records, dispositions) or anything to corroborate these events, even, taking place. As of right now, going forward it is unsubstantiated sentences typed on paper. The matter should be dropped

- The act is over 15 years old.
- The probation sentence is over 15 years old
- The probation sentence ended 12 years ago. Can the AUSA even offer the exact day probation was revoked/violated?
- Probation revoked, as we know, 6/25/2012, 4 years after it already lapsed!

These allegations relates #35 and #45 (-5,

(5.

We, the defense ask, or seek, the deduction of #39's 1 point. Whatever charge of conviction is that garnered "Conditional Discharge" will not have a maximum of 1 year, or 1 year and 1 month of prison time.

- 1 point deduction of 40, questionable maximum
- 1 point deduction of 41, questionable maximum
- 2 point deduction of 42, sentence is wrong. Defendant did 240 days (8 months) questionable maximum

-4

Now, Honorable Engelmayer, when I agreed to change my plea to guilty, I did so because a Guideline Range of 51-63 months was guaranteed to me. There was also the assurance that the AUSA would seek a sentence within that particular range.

Now, understanding that the Guideline Range is only a recommendation, and not binding, the "offer" of those

(6.

numbers sounds more in-line with this case than 70-87 months. I prefer to stand before Your Honor with the Guideline Range of 51-63, rather than 70-87, and if that is what was offered to get the plea of guilt, then that is what should stand. Let not the AUSA use trickery, deceit or fraud to arrive at a guilty plea.

As for trickery and deceit, I never received one shred of discovery. Discovery material was requested! Discovery material should have been received. Discovery material "HAS" to be turned over! Discovery I never possessed or saw! Maybe ... what the prosecutor "suggests" is criminal, may turn to be "exculpatory" I never was given my chance! "Mere Presence", Is not, AND NEVER WILL BE... CRIMINAL!! My Chance!

I want to accept responsibility for all i've done! But, of course, the punishment should fit the crime! And, regardless of the Guideline range not being binding ... We all know the

(7)

numbers tell the story of your criminal life. The higher the range, the more you've done or the worse you've done. I do not agree with the range of 70-87 as I would if it were 120-140 months! I'm just not in those ranges.

With all this being said, the defense would appreciate, in keeping with agreements, the stipulated Guideline Range of 51 - 63 months.

Thank you for your time and considerations, Judge Engelmayer. Please have a nice day.

Respectfully Submitted,

(8

Compassionate
Release Article 18 usc s 3142(i)

Rec'd
8/31/20
mm

I petition this Court under Article
18 U.S.C. § 3142 (i), which empowers
the Court to temporarily release
petitioner, if it determines that
release to be necessary ... for a
compelling reason.
This Article empowers a Court to be
lenient at sentencing; postpone sentencing
granting bail; alternative sentencing, etc..


# 1  COVID - 19
The Metropolitan Correctional Center - N.Y., can
not, and has not, got a handle on
COVID - 19. The conditions within the facility
are horrendous. Units are quarantined,
almost, every other week due to new
infections.
I even contracted the virus. It took
medical a week to see me. I was
quarantined in complete isolation for 3
weeks (No medicine, No showers, No soap,
No drinking water, No phone calls (legal or
otherwise), fed 3 cold meals a day. My
symptoms were fever, chest pains,
sweating, headache, difficulty breathing,
etc.. There was no medical attention. I
almost died in that medical unit. 8 people

died from COVID-19 while I was here.

These are the conditions, that facility personnel enact, that contributes to the spread of COVID-19:

#1- Double Bunking in a 6' (foot) cell, which social distancing should have outlawed.

#2 Sick coughing officers walking through the tiers freely, wearing no masks, coughing into their hands, touching everything, handling prisoners, searching cells

#3 Facility laundry involves heavy duty machines, stuffed beyond capacity, washed in low-grade detergent that doesn't even remove stains.
 * It is SCIENTIFIC FACT that blood, semen, sweat, disease and viruses can survive a washload, especially absent the correct cleaning agents.
 * These clothes, when stuffed together in a machine as so, create a "Superbioviral" mix that puts everyone at risk.

#4 Quarantined/sick prisoners are

8 USC §3142 (2)

shuffled around and mixed in with healthy prisoners.

5. We are not given the time or utensils and soaps to clean/disinfect our cells.
Garbage is allowed to pile up in our cells from the day's feedings. Officers are supposed to come around after every feeding to pick up trash. Sometimes we'll have 2 days of trash in our cells (6 styrofoam trays, leftover (rotten) food, milk cartons, utensils)

6. Vermin - Metropolitan Correctional Center is overran with mice, rats and waterbugs. Alot of the cells are deteriorating, and provide entry points and exits for the critters. It's not unusual to wake up with a waterbug in the bed with you, or to the sound of the mice/rats chewing through the styrofoam containers. Prisoners have been bitten by mice and waterbugs.

7. I also was diagnosed with a small heart, so prison, always, presents many death sentences.

18 USC §3142 (3)

Indeed, these conditions, these barbaric, harsh conditions deserve accounting of some sort. A downward departure, leniency at sentencing, some form of credit. The very conditions I share with you now, are the topic, and cause, of many §1983 8th Amendment law suits for "Cruel and Unusual Punishment". It is absolutely tragic in MCC-N.Y. right now.

I pray this Court grants me some form of relief. These conditions deserve consideration.

Thank You for your time in hearing this matter.

Respectfully Submitted,

8 USC §3142 (4)



Carlos Garcia #87297-054
150 Park Row
New York N.Y. 10007

rec'd 8/31/20 pm

NEW YORK NY 100
27 AUG 2020 PM 14 L

The Chambers of the Honorable
Judge Paul A. Engelmayer
United States Courthouse
Southern District of N.Y.
500 Pearl Street
New York, N.Y. 10007

10007-133099